RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Nisha_Brooks-Whittington@fd.org

Attorney for Johne Lewis Owens, II

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHNE LEWIS OWENS, II,<br><br>                    Defendant. | Case No. 2:17-cr-00296-JAD-CWH<br><br>**Mr. Owens' Objections to the Presentence Investigation Report and Sentencing Memorandum** |

Certification: This sentencing memorandum is timely filed.

The defendant, Johne Lewis Owens, by and through his attorney of record, Assistant Federal Public Defender, Nisha Brooks-Whittington, submits his Objections to the Presentence Investigation Report and Sentencing Memorandum for the Court's consideration in fashioning a sentence of 126 months, which is "sufficient, but not greater than necessary" to meet the sentencing goals in 18 U.S.C. § 3553(a). Mr. Owens reserves the right to supplement this

/ / /

/ / /

/ / /

memorandum with additional authorities or information as the Court may permit at or before the sentencing hearing presently scheduled on January 28, 2019, at 10:00 a.m.

DATED this 22nd day of January, 2019.

RENE L. VALLADARES
Federal Public Defender

By:   */s/ Nisha Brooks-Whittington*

NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender
Attorney for Johne Lewis Owens

2

I.      **BACKGROUND**

On September 6, 2017, a criminal indictment was filed against Mr. Owens.[1]   On July 23, 2018, Mr. Owens accepted responsibility for his actions and pled guilty, pursuant to a written Plea Agreement, to distribution of child pornography in violation of 18 U.S.C. § 2252A(A)(2) and (b)(1).[2]  Mr. Owens' sentencing hearing is scheduled for January 28, 2019, at 10:00 a.m.[3]

II.     **THE PRESENTENCE INVESTIGATION REPORT'S GUIDELINE CALCULATIONS**

In preparation for sentencing, the Probation Office prepared a Presentence Investigation Report ("PSR").  The PSR sets forth the United States Sentencing Guideline ("U.S.S.G. or the Guidelines") applications in paragraphs 23-35.  The PSR lists the base offense level at 22 pursuant to U.S.S.G. § 2G2.2(a)(2).[4]   The Probation Officer applies a two-level increase pursuant to U.S.S.G. § 2G2.2(b)(3)(F), a five-level increase pursuant to U.S.S.G. § 2G2.2(b)(5), a two-level increase pursuant to U.S.S.G. 2G2.2(b)(6) and a two-level increase pursuant to U.S.S.G. § 2G2.2(b)(7)(A).[5]  The Probation Officer also recommends a three-level reduction pursuant to U.S.S.G. § 3E1.1 for timely acceptance of responsibility.[6]  This results in a total offense level of 30.[7]

In addition to the total offense level, the Probation Officer calculated the criminal history score and arrived at a total score of six (6) points, which results in a criminal history

---

[1] ECF No. 1.

[2] ECF Nos. 27, 28.

[3] ECF No. 34.

[4] PSR ¶ 23.

[5] PSR ¶¶ 24-27.

[6] PSR ¶¶ 33-34.

[7] PSR ¶ 35.

3

category of III.[8]  A total offense level of 30 combined with a criminal history category of III, results in a guideline range of 121-151 months' imprisonment.[9]  Probation recommends a sentence of 144 months of custody,[10] which is consistent with the parties recommendation in the Plea Agreement.[11]

After consideration of the factors outlined in 18 U.S.C. § 3553(a) and Mr. Owens's acceptance of responsibility, the parties' agreed to jointly recommend a sentence of 144-months, and to credit Mr. Owens for the time he has served in state custody since his arrest on July 14, 2017, until the date of sentencing in this matter.[12]  The parties further agreed to recommend his sentence run concurrent with his anticipated state sentence in *State of Nevada v. Owens*, case no. C-18-331032-1.[13]  The parties' recommended sentence of 126-months[14] is sufficient, but not greater than necessary to meet the factors in 18 U.S.C. § 3553(a).

## III.   ARGUMENT

### A.   Objections to the Presentence Investigation Report

Mr. Owens objects to one of the special conditions recommend by the Probation Officer in the PSR.  In addition to the standard, mandatory conditions of supervised release, the district court may impose additional conditions of release.[15]  Those special conditions must

> (1) be reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation;

---

[8] PSR ¶ 46.

[9] PSR ¶ 75.

[10] PSR ¶ 92.

[11] Plea Agreement, ECF No. 28 at 11.

[12] Plea Agreement, ECF No. 28 at 10-11.

[13] Plea Agreement, ECF No. 28 at 11; PSR ¶ 43.

[14] This is the final sentence recommended based upon a subtraction of the 18-months that Mr. Owens has served in state custody.

[15] 18 U.S.C. § 3583(d).

4

(2) involve no greater deprivation of liberty than is reasonably necessary to achieve those goals; and
(3) be consistent with any pertinent policy statements issued by the Sentencing Commission.[16]

"The government bears the burden of establishing the necessity of any condition of supervised release."[17]

Important here, special conditions that are impermissibly vague or overbroad may not be imposed. As to vagueness, a defendant "has a separate due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison."[18] "A supervised release condition violates due process of law if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application."[19] A vague and unclear condition cannot be cured by the assurance of a more precise "after-the-fact definition" employed by the district court during future potential supervised release revocation proceedings.[20] A defendant must not be placed in the untenable position of discovering the meaning of his supervised release condition "only under continual threat of reimprisonment, in sequential hearings before the court."[21]

---

[16] *United States v. Napulou*, 593 F.3d 1041, 1044-45 (9th Cir. 2010).

[17] *United States v. Gnirke*, 775 F.3d 1155, 1159 (9th Cir. 2015) (citing *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012)).

[18] *United States v. Guagliardo*, 278 F.3d 868, 872 (9th Cir. 2002); *see also United States v. Soltero*, 510 F.3d 858, 867 (9th Cir. 2007) ("A probationer must be put on clear notice of what conduct will (and will not) constitute a supervised release violation.").

[19] *United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010) (internal quotation marks omitted).

[20] *Guagliardo*, 278 F.3d at 872.

[21] *Id.* (internal quotation marks and citation omitted).

5

Further, a defendant must not be given a supervised release condition that is overbroad and restricts more of the defendant's liberty than necessary.[22]  Conditions "drawn so broadly that they unnecessarily restrict otherwise lawful activities" are impermissible.[23]  The government cannot save an impermissibly overbroad condition by promising to enforce it in a narrow manner.[24]

Mr. Owens objects to the proposed "Employment Restriction" special condition.  The employment restriction condition is an impermissible occupational restriction that is vague and overbroad.  Mr. Owens asks that the Court decline to impose the condition.

Special Condition 12 at issue here states:

> You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to utilize a computer without the prior approval of the probation officer.[25]

This special condition should not be imposed as it is vague and overbroad.  As currently written, this condition prevents Mr. Owens from working at any business that requires him to use a computer, unless his probation officer approves it.  There is no limit on the type of business, occupation, or profession that is prohibited.  All that matters is that Mr. Owens will use a computer for the occupation.  This condition is also vague in that it is unclear as to what "utilize a computer" means in this context.  Mr. Owens is forced to guess as to whether clocking in for time keeping purposes on a computer is considered "utiliz[ing] a computer" for purposes of this condition.

In addition to being overbroad and vague, this condition is not reasonably related to the offense of conviction.  There is no evidence that Mr. Owens utilized a computer at a business or in his occupation to view, download, or distribute child pornography.  Imposing this

---

[22] *United States v. Wolf Child*, 699 F.3d 1082, 1090-91 (9th Cir. 2012).

[23] *United States v. Terrigno*, 838 F.2d 371, 374 (9th Cir. 1988).

[24] *United States v. Aquino*, 794 F.3d 1033, 1037 (9th Cir. 2015).

[25] PSR, p. 28, Special Condition 12.

condition is not reasonably necessary to protect the public because there is no reason to believe that Mr. Owens will continue to engage in similar conduct in the future.  Moreover, he did not commit this offense in his occupation, business, profession or during a volunteer activity.  For the reasons stated, Mr. Owens requests this Court sustain his objection this condition.

Second, Mr. Owens objects to the recommendation that he "must pay the costs of the [Educational] program" special condition.  It is likely that Mr. Owens will be unemployed when he is released from prison.  He should be allowed to participate in an educational program and pay the costs of that program based upon his ability to pay.  Mr. Owens request this Court modify the language to state "[y]ou must pay the costs of the program based upon your ability to pay."

Mr. Owens next objects to the revised PSR's recommendation[26] of a $5,000 special assessment pursuant to 18 U.S.C. section 3014 for the Justice for Victims of Trafficking Act ("JVTA") of 2015.[27]  The PSR recommends payment of the JVTA special assessment in one portion of the report,[28] but in another portion of the report states that "it appears [Mr. Owens] is indigent; therefore, the JVTA Special Assessment is not recommended"[29]  It is unclear as to the Probation Officer's position is with respect to the JVTA Special Assessment.

The JVTA states, in pertinent part, that the "court shall assess an amount of $5,000 on any non-indigent person" convicted of specified offenses relating to human trafficking and sexual exploitation.   18 U.S.C. § 3014(a).   Mr. Owens has been incarcerated since July 14, 2017, and was unemployed at the time of his arrest for the underlying offense and related state offense.  Mr. Owens was last employed in March 2017 for Direct TV for $14 an

---

[26] The PSR was revised on October 11, 2018, and again on January 16, 2019.  The current objection applies to the revised PSR dated January 16, 2019.

[27] PSR ¶ 82, p. 26.

[28] PSR p. 26.

[29] PSR ¶ 93.

hour.[30]  Mr. Owens does not have any assets, expenses, or income.[31]  Upon his release from federal custody, Mr. Owens will be about 51-years old.  Mr. Owens currently does not own a home or have a place to live upon his release from prison.  Upon his release from prison, Mr. Owens will have to seek employment, which will be limited because of his underlying conviction and criminal record, and find a place to live.  Any income he is able to secure will go towards his $100 special assessment, any restitution ordered in this matter, as well as a residence and daily necessities including food.  Mr. Owens is indigent and does not have the ability to pay the $5,000 special assessment.

Additionally, as recognized by the Probation Officer, Mr. Owens "appears indigent." The Probation Officer did not recommend a fine in this matter because Mr. Owens "appears indigent and does not have the ability to pay a fine."[32] Mr. Owens respectfully requests this Court not impose the JVTA special assessment in this matter because he is indigent.

**B.     This Court Should Give Mr. Owens the Benefit of his Plea Agreement and Reduce his Sentence by 18-Months to Account for the Time he has Served in State Custody.**

The parties' agreed, pursuant to the Plea Agreement, to recommend a sentence of 144-months and to further recommend that he receive credit for time served dating back to his arrest on July 14, 2017.[33]  Mr. Owens was arrested by Las Vegas Metropolitan Police Officers on July 14, 2017, and charged with several offenses.[34]  On September 12, 2017, Mr. Owens was transferred, pursuant to a Writ of Habeas Corpus Ad Prosequendum, to the custody of the

---

[30] PSR ¶ 70.

[31] PSR ¶ 72.

[32] PSR ¶ 73.

[33] Plea Agreement, ECF No. 28 at_11.

[34] PSR at ¶ 43.

8

United States Marshals Service to make an appearance on the underlying federal case.[35] Because of the Writ, Mr. Owens has been in primary state custody since his arrest on July 14, 2017.[36]  The Bureau of Prisons ("BOP") will not provide him with any credit federally due to this Writ.  *See* 18 U.S.C. § 3585(b) (providing that defendants shall be given credit for any time spent in custody prior to the date the sentence commences "that has not been credited against another sentence.").

Mr. Owens thus urges this Court to follow the parties' Plea Agreement and allow him the benefit of his bargain (i.e., the recommended sentence of 144 months and credit for time served from July 14, 2017).  By admitting to the conduct and pleading guilty to distribution of child pornography, Mr. Owens gave up certain valuable constitutional rights.  He did not file any pre-trial motions in this matter; instead, Mr. Owens accepted responsibility and pled guilty to the offense.  Mr. Owens's timely acceptance of responsibility allowed the government to allocate its resources efficiently and effectively.

This Court should grant Mr. Owens the benefit of his Plea Agreement and sentence him to 126-months in custody which includes credit for the time served dating back to July 14, 2017.

/ / /

/ / /

/ / /

---

[35] PSR, p. 1.

[36] ECF No. 6.

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**IV.     CONCLUSION**

Mr. Owens respectfully requests this Court follow the parties' Plea Agreement and sentence him to 126 months which include the 18-month credit for time served in state custody and  to run his sentence concurrent with his state sentence in *State of Nevada v. Owens*, case no. C-18-331032-1.  A 126-month sentence allows him the benefit of his Plea Agreement and takes into account all of the statutory factors outlined in 18 U.S.C. § 3553(a).  A 126-month sentence is "sufficient, but not greater than necessary" under the circumstances of this case.

DATED this 22nd day of January, 2019.

Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

By:   */s/ Nisha Brooks-Whittington*

NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender
Attorney for Johne Lewis Owens, II.

10

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on January 22, 2019, she served an electronic copy of the above and foregoing **Mr. Owens' Objections to the Presentence Investigation Report and Sentencing Memorandum** by electronic service (ECF) to the person named below:

NICHOLAS A. TRUTANICH
United States Attorney
ELHAM ROOHANI
Assistant United States Attorney
501 Las Vegas Blvd. South
Suite 1100
Las Vegas, NV 89101

*/s/ Cecilia Valencia, Legal Assistant*
Employee of the Federal Public Defender

11